FILED
01 JAN -8 AM 9: 46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| DUDLEY HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV-00-PT-3098-M |
| ) | |
| CANA, INC., et al., ) | |
| ) | ENTERED |
| Defendants. ) | JAN 8 2001 |
| ) | |

## MEMORANDUM OPINION

This cause comes to be heard upon plaintiff Dudley Hall's ("plaintiff") Motion to Remand, filed on November 29, 2000.

## ARGUMENT

The plaintiff argues that removal was improper because complete diversity does not exist among the parties. Specifically, the plaintiff appears to argue that the defendants have not shown that defendant Cana, Inc., which "does business" in the state of Alabama, is a diverse defendant.[1] In response, the defendants have submitted the affidavit of George Forman, the Chief Financial Officer for Cana, Inc., which states that defendant Cana, Inc., was incorporated in Indiana and maintains its principal place of business there. The defendants also point out that defendant Cana's registered agent for service of process is located in Indiana. The defendants argue that because Cana, Inc. was incorporated and maintains its principal place of business in

---

[1] It "appears" that the plaintiff is making an incomplete diversity argument. The plaintiff also claims that Cana, Inc., did not consent to the removal, an argument that is refuted by Cana, Inc.'s "Consent to Removal," filed on November 3, 2000.

1

Indiana, diversity is complete, and the removal was proper. See 28 U.S.C. § 1332(c)(1).

## CONCLUSION

The court rejects the plaintiff's arguments. The evidence shows that Cana, Inc. was incorporated in and has its principal place of business in Indiana. The fact that it does business in Alabama is immaterial except as to the issue of personal jurisdiction. Further, Cana, Inc. consented to the removal. The Motion to Remand will be Denied.

This 8th day of January, 2001

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE